# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                      Case No. 20-32501-WRS
                                                                           Chapter 13
LINDA DIANE TURNER,

    Debtor.

## MEMORANDUM DECISION

This Chapter 13 case came before the Court on February 11, 2021 on the Motion to Dismiss filed by Dotlen Automotive Group, LLC, and again on April 8, 2021, on a second Motion to Dismiss filed by Dotlen Automotive Group, LLC. (Docs. 22 & 38). At each hearing, Dotlen was represented by counsel Monica L. Arrington, and the Debtor, Linda Diane Turner, was represented by counsel Christopher L. Stanfield. For the reasons set forth below, the Motions to Dismiss are denied, the Debtor is ordered to amend her plan within 14 days of the date of this order, and the Debtor is ordered to provide counsel for Dotlen proof of insurance within 14 days of the date of this order. The Court will hold a hearing on confirmation of the Debtor's amended Chapter 13 plan on May 27, 2021.

## I. Facts

The Debtor, Linda Diane Turner, filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on December 9, 2020. (Doc. 1). The Debtor's initial plan provided for payment of an indebtedness to U.S. Auto Credit secured by a 2016 Ford Focus automobile, which was to be paid directly by an unnamed third party.[1] (Doc. 2). In other words, the initial plan was for U.S. Auto to receive regular contract payments as opposed to payments made by the

---

[1] Based on representations by counsel for Dotlen and counsel for the Debtor, the third party in question is the Debtor's daughter.

Trustee from the Debtor's plan payments. On February 10, 2021, Debtor amended her plan to pay U.S. Auto Credit $8,388 for the Ford Focus at 4.25% interest in paragraph 5.2, and served Ms. Arrington with a copy of the amended plan. (Doc. 24). In response to both the initial plan and the amended plan, Dotlen Automotive has filed a flurry of papers and motions, seeking dismissal of the case and other relief. (Docs. 22, 26, 28, 38, & 42).[2]

On November 5, 2020, the Debtor purchased a 2016 Ford Focus automobile from Dotlen Automotive. (Doc. 28). Pursuant to the contract, the Debtor paid a down payment of $500.00 and financed the balance in the amount of $8,555.00 at 22% interest. (Doc. 28, Ex. B). The contract provided for 48 monthly payments in the amount of $281.55 each, with the first payment due on or before December 20, 2020, payable to Dotlen Automotive. (Doc. 28, Ex. B). Both Dotlen Automotive and the Debtor anticipated the contract would be assigned to U.S. Auto Credit, who apparently financed the purchase on a contingent basis and would become the creditor and receive payments pursuant to the note unless certain contingencies came to pass. (Doc. 42, Ex. 1). The Debtor's bankruptcy petition apparently triggered one of these contingencies, which led U.S. Auto to pass on the deal and demand that Dotlen repurchase the contract for $7,105, leaving Dotlen on the hook to collect the unpaid balance of the note. (Doc. 42, Ex. 2). It is clear that Dotlen is deeply chagrined by the prospect of collecting payments over 48 months rather than getting paid in full at the outset.

---

[2] Dotlen has also filed an Adversary Proceeding against the Debtor to deny the discharge of the indebtedness under 11 U.S.C. §§523(a)(2)(B) & (a)(6). (Case No. 21-3006).

## II. Law

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This is not a final order.

### A. Dotlen Automotive has failed to allege sufficient facts to show cause for dismissal

The Court may dismiss a Chapter 13 bankruptcy case upon a showing of cause. 11 U.S.C. § 1307(c); *see also In re Smith*, 536 B.R. 478, 480-81 (Bankr. M.D. Ala. 2015) (dismissing Chapter 13 case for misappropriation of lawsuit settlement proceeds). While Dotlen's various filings are replete with hyperbolic statements of the Debtor's dishonesty and bad faith, the Court finds that Dotlen has failed to allege sufficient facts supporting its motions to dismiss. In other words, stating the conclusion that a debtor is dishonest or a fraud is insufficient by itself–the Court looks for facts and not conclusions or labels.

Dotlen argues that the Debtor's prior bankruptcy filings are evidence of bad faith. The Court notes that the Debtor has filed bankruptcy cases in 2013, 2012, 2006, and 1999. The most recent case, No. 13-32234, was a Chapter 13 case filed August 27, 2013, in which the Debtor received a "full compliance" discharge pursuant to 11 U.S.C. § 1328(a) on September 2, 2018. This means that the Debtor made all the payments called for under her plan in that case. Admittedly, the earlier filed cases were dismissed for failure to make plan payments; however, they are sufficiently remote in time so as not to give rise to an inference that this filing is abusive.

The real cause of Dotlen's ire is the fact that it had anticipated that it could assign its interest in its contract with the Debtor to U.S. Auto Credit and get its cash out of the sale of the

automobile. Perhaps the Debtor's bankruptcy filing scotched Dotlen's deal with U.S. Auto; or, perhaps the first payment was late; in any event, Dotlen, is left holding the contract and, like it or not, it is a creditor in this case.[3] It is abundantly clear from the tone of Dotlen's filings that it does not want to be a creditor in this case; however, the fact remains that Dotlen is, in fact, a creditor of the Debtor under 11 U.S.C. § 101(10)(A)[4] and holds a claim against the Debtor pursuant to 11 U.S.C. § 101(5)(A).[5] Dotlen's antipathy alone does not supply the necessary grounds supporting a claim of bad faith.

Dotlen notes that the Debtor's bankruptcy filing was made shortly after the vehicle was purchased, arguing that this is evidence of bad faith and a basis upon which this case may be dismissed. However, Congress amended the Bankruptcy Code in 2005, taking away the Debtor's right to modify the lien on any vehicle purchased within 910 days of the date of the petition in bankruptcy. 11 U.S.C. § 1325(a)(9) (hanging paragraph); *Graupner v. Nuvell Credit Corp. (In re Graupner)*, 537 F.3d 1295, 1302 (11th Cir. 2008). Prior to 2005, debtors could freely modify liens on automobiles, meaning that they would pay only the value of the vehicle

---

[3] The bankruptcy petition was filed on December 9, 2020, while the first payment under the contract was not due until December 20, 2020. It appears that it was the bankruptcy filing and not the fact that the first payment may have been late that caused U.S. Auto's cold feet.

[4] The Bankruptcy Code defines creditor as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). While Dotlen and the Debtor may not agree as to whether Dotlen or U.S. Auto was the proper payee on the note as of the petition date, there is no dispute that the purchase giving rise to the indebtedness occurred prepetition.

[5] The Bankruptcy Code defines a claim as a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

and not the total amount of indebtedness owed. The hanging paragraph provides automobile lenders with protection against modification of its lien–sometimes called a "cramdown." Because of this protection, a bankruptcy case filed on the heels of a vehicle purchase is not the abuse it was prior to 2005. Indeed, Dotlen is entitled to payment of its indebtedness, in full, with interest. 11 U.S.C. § 1325(a)(5). If the Debtor successfully complete her plan, as she did in her prior case, Dotlen will be made whole–although payments will be made over a five-year period and at a lower rate of interest. *See Till v. SCS Credit Corp.*, 541 U.S. 465, 479 (2004).

In addition, Dotlen claims that Debtor's case should be dismissed because she has not completed her financial management course. (Doc. 38). This argument is without merit. The only requirement relating to a "full compliance" discharge under Chapter 13 is that the Debtor complete the financial management course after the petition date and before moving for discharge. 11 U.S.C. § 1328(g). The Debtor's amended plan proposes payments over the course of 58 months; she has plenty of time remaining to complete her financial management course, and her current lack of a completion certificate is not grounds for dismissal.

Finally, the Court will address Dotlen's perplexing and ultimately unavailing argument relating to Debtor's "cramdown" of the amount owed on the note. Dotlen raised this argument in its February 11, 2021 supplemental motion,[6] its second Motion to Dismiss, and its April 8, 2021 supplemental motion.[7] (Docs. 28, 38, & 42, respectively). Curiously, all three of these filings by Dotlen occurred after Debtor amended her plan to provide to pay for the Focus in paragraph 5.2 of her plan. In this District, paragraph 5.2 of a Chapter 13 plan is titled "Secured Claims Paid

---

[6] Dotlen styled this Motion as a "Motion to Provide Additional Facts and Proof to Consider During Advisement for Dismissal of Plan(s)."

[7] Dotlen styled this Motion as a "Motion to Provide Exhibits for Hearing and In Furtherance of Request for Dismissal."

Through The Trustee Where Value is Not Modified." Put simply, allowed claims provided for in paragraph 5.2 are paid in full at a *Till* rate of interest and not reduced or "crammed down" to the value of the collateral. As such, the Debtor is not attempting a "cramdown" on the Focus.

That the Debtor filed a prior Chapter 13 bankruptcy case, eight years ago, in which she fully performed, is not a basis upon which cause for dismissal of this case may be found. The fact that U.S. Auto did not acquire the contract is not a fact that has any bearing here, except insofar as it is determines who is the creditor, nor is the Debtor's current lack of a financial management course certificate cause for dismissal. Dotlen's accusations of lying and cheating on the part of the Debtor, unsupported with specifics, do not provide a basis for dismissal. Dotlen Automotive has failed to show cause for dismissal of this bankruptcy case and, for this reason, the motions to dismiss are denied.

**B. The Debtor Shall Amend Her Plan to Provide to Pay Dotlen Automotive for the Ford Focus and Shall Promptly Provide Dotlen with Proof of Insurance.**

The Court will order the Debtor to provide Dotlen Automotive with proof of insurance on the Ford Focus within 10 days of the date of the accompanying order. If it fails to do so, or if the insurance lapses, the automatic stay will terminate 10 days after Dotlen Automotive promptly and properly serves the Debtor with a Notice of Default.

The Debtor's plan shows U.S. Auto Credit as a creditor, as both the Debtor and Dotlen anticipated that U.S. Auto would buy the contract. As that has not come to pass, the Debtor shall amend her plan in the next 10 days to replace U.S. Auto with Dotlen Automotive as the creditor for the indebtedness secured by the 2016 Ford Focus.[8]

---

[8] The Court notes that in order for Dotlen to actually receive payments from the Trustee on its claim, Dotlen, the Debtor, or the Trustee must first file a proof of claim for the debt; the Trustee will not pay a claim without a proof of claim even if the Debtor's plan provides for the debt.

## III. Conclusion

For the reasons set forth above, the Court finds that Dotlen has not made a sufficient showing of cause to warrant dismissal of the Debtor's case. Accordingly, Dotlen's Motions to Dismiss are **DENIED**. The Debtor is given 10 days to amend her plan to replace U.S. Auto Credit with Dotlen Automotive and to provide Dotlen proof of insurance on the Ford Focus. The Court will consider confirmation of a plan consistent with the discussion above.

Done this 15th day of April, 2021.

William R. Sawyer
United States Bankruptcy Judge

c: Debtor
Michael Brock, Attorney for Debtor
Monica L. Arrington, Attorney for Dotlen Automotive Group, LLC
Sabrina L. McKinney, Trustee
Dotlen Automotive Group, LLC